## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MATTHEW K. WARD,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0815**  (BOR Appeal No. 2050209)
(Claim No. 2013012941)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Matthew K. Ward, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Highways, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 23, 2015, in which the Board affirmed a January 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 27, 2013, decision granting Mr. Ward a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ward sustained multiple injuries on November 14, 2012, when he was struck by a motor vehicle during the course of his employment as a flagman. His claim for workers' compensation benefits was held compensable for multiple left rib fractures, pulmonary contusions, difficulty breathing, a partially collapsed/punctured lung, a brain contusion/small subdural hematoma of the right frontal lobe, a liver contusion, a kidney contusion, a cardiac contusion, retroperitoneal hemorrhage, and an ulnar fracture. Mr. Ward underwent three

1

independent medical evaluations for the purpose of determining the amount of whole person impairment arising from his compensable injuries.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 22, 2013, the findings of which are set forth in a report dated May 23, 2013. Dr. Mukkamala opined that Mr. Ward sustained 0% whole person impairment as a result of his compensable injuries. On June 27, 2013, the claims administrator granted Mr. Ward a 0% permanent partial disability award based upon Dr. Mukkamala's independent medical evaluation.

Bruce Guberman, M.D., performed an independent medical evaluation on February 11, 2014, and authored a report memorializing his findings on the same date. He opined that a cervical sprain, post-traumatic seizures, and post-concussion syndrome should be added as compensable components of the claim.[1] Dr. Guberman also opined that Mr. Ward suffers from residual headaches attributable to neck pain. He further opined that Mr. Ward's ongoing neck pain is related to the November 14, 2012, injury. Dr. Guberman opined that Mr. Ward sustained 6% whole person impairment as a result of range of motion abnormalities in the cervical spine.[2] Additionally, Dr. Guberman opined that Mr. Ward sustained 6% whole person impairment as a result of the injury to his head. He did not attribute any degree of permanent impairment to the remaining compensable diagnoses.

Finally, Christopher Martin, M.D., performed an independent medical evaluation on September 22, 2014, and also authored a report memorializing his findings on the same date. Dr. Martin stated that he disagrees with Dr. Guberman's recommendation to add a cervical strain as a compensable diagnosis. He noted that upon examination, Mr. Ward's cervical spine was non-tender and further noted that the record does not indicate that Mr. Ward consistently complained of neck pain. Dr. Martin then opined that he is unable to make a diagnosis of post-concussion syndrome. Additionally, he opined that there is no basis to conclude that Mr. Ward's complaints of headaches are either post-traumatic or a source of impairment. With regard to the compensable injuries, Dr. Martin opined that Mr. Ward sustained 0% whole person impairment.

In its Order affirming the June 27, 2013, claims administrator's decision, the Office of Judges held that a preponderance of the evidence demonstrates that Mr. Ward did not sustain any permanent impairment as a result of his compensable injuries. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 23, 2015. On appeal, Mr. Ward asserts that he is entitled to a 6% permanent partial disability award for range of motion abnormalities in the cervical spine and a 6% permanent partial disability award for injuries to his head, for a total award of 12%, per the opinion of Dr. Guberman.

The Office of Judges noted that the cervical spine is not a compensable body part and therefore concluded that Mr. Ward is not entitled to a permanent partial disability award for any

---

[1] The record does not reflect that any of these diagnoses were ever added as compensable components of the claim.

[2] Neither party introduced any evidence indicating that the cervical spine is a compensable body part.

permanent impairment arising from the cervical spine. Regarding the injury to Mr. Ward's head, the Office of Judges found that a preponderance of the evidence does not support a reversal of the claims administrator's decision granting him a 0% permanent partial disability award.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. On appeal, Mr. Ward has requested that he receive a permanent partial disability award for range of motion impairments in the cervical spine, as recommended by Dr. Guberman. However, as has been repeatedly noted, the cervical spine is not a compensable body part. In fact, even Dr. Guberman acknowledged that the cervical spine is not a compensable component of the claim. Because the cervical spine is not a compensable component of the claim, Mr. Ward is not entitled to a permanent partial disability award for this body part. Mr. Ward has also requested that he receive a permanent partial disability award arising from his head injury. However, only Dr. Guberman recommended that Mr. Ward receive a permanent partial disability award for the injuries to his head. Both Dr. Mukkamala and Dr. Martin found that all of Mr. Ward's compensable injuries, including his compensable head injury, have resolved without any degree of permanent impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 12, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum